# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMITRIUS McCLENDON, | CASE NO. 1:11-cv–01009-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| GODWIN UGWUEZE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Demitrius McClendon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed June 17, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
2  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
3  higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
4  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
5  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
6  Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
7  2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that
8  are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.
9  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

10  Further, under section 1983, Plaintiff must demonstrate that each defendant personally
11  participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
12  Although a court must accept as true all factual allegations contained in a complaint, a court need
13  not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.
14  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
15  do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

16  **II.    Complaint Allegations**

17  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
18  is incarcerated at the California Substance Abuse Treatment Facility. Plaintiff bring this action
19  against Defendants Ugwueze and Enenmoh, in their individual and official capacities, and Does 1-20
20  alleging violations of the Eighth and Fourteenth Amendments and state law claims.

21  Plaintiff was diagnosed with a bone spur in his knee and was seen by Defendant Ugwueze.
22  (Compl. ¶¶ 9-10.) Defendant Ugwueze acknowledged that Plaintiff had a bone spur that if not
23  treated properly would cause arthritis. Plaintiff alleges that Defendant Ugwueze did not properly
24  examine Plaintiff, schedule further treatment, or prescribe adequate pain medication. (Id. at ¶ 10.)

25  Plaintiff filed an inmate grievance and Defendant Enenmoh "acknowledged Plaintiff's plight"
26  but failed to provide medial care. Defendant Enenmoh's failure to act caused Plaintiff to suffer
27  unnecessary pain. (Id. at ¶ 11.)

28  For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief under

section 1983. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III. Discussion

#### A. Deliberate Indifference

Plaintiff alleges that Defendants Ugwueze and Enenmoh failed to treat his bone spur. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where the official is aware of a serious medical need and fails to adequately respond, Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018-19 (9th Cir. 2010).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Plaintiff's allegation that he had a bone spur on his knee which caused him pain is insufficient to establish that he had a serious medical need.

Additionally to exhibit deliberate indifference the prison official must be aware of facts from

3

which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). For a claim to be cognizable, the complaint must set forth factual allegations to state a plausible claim the each defendant was aware that Plaintiff had a serious medical need and failed to adequate respond. Simmons, 609 F.3d at 1018-19.

While Plaintiff alleges that Defendant Ugwueze told him that failure to properly treat a bone spur would result in arthritis, there are no facts alleged in the complaint to indicate that Defendant Ugwueze was aware that Plaintiff needed treatment for his bone spur and failed to respond. Plaintiff's conclusory statements that a duty exists which a defendant failed to perform is insufficient to state a claim. Plaintiff fails to set forth factual allegations to show that he had a serious medical condition or that any named defendant was aware of a serious medical need and did not adequately respond. Plaintiff fails to state a cognizable claim for deliberate indifference to medical needs.

**B.    Grievance Procedure**

Plaintiff alleges that he submitted appeals and did not receive treatment in response. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Also, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**C.    Official Capacity**

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Additionally, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff

must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C. State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Plaintiff has alleged compliance with the California Government Torts Claim Act with is an element of his state law claims. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004)  The Court does not reach the viability of Plaintiff's state law tort claim at this time because the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). However, the Court shall provide the legal standards that apply to Plaintiff's state law claims.

#### 1. Breach of Mandatory Duty

"Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal. Gov't Code § 815.6 (West 2011). To impose governmental liability under Government Code Section 815.6, the enactment must impose a mandatory duty, the kind of injury suffered must be the kind meant to be protected against by the enactment, and breach of the mandatory duty must be a proximate cause of the injury suffered. State of California v. Superior Court, 150 Cal.App.3d 848, 854 (1984).

The California Supreme Court has held that the enactment at issue must be *obligatory*, not

merely discretionary or permissive, in its directions to the public entity; and must *require* that a particular action be taken or not taken." Ellerbee v. County of Los Angeles, 1087 Cal.App.4th 1206, 1215 (Ct.App. 2010) (emphasis in original). Second, and equally important, "the mandatory duty [must] be 'designed' to protect against the particular kind of injury the plaintiff suffered." Id. "The plaintiff must show the injury is one of the consequences which the [enacting body] sought to prevent through imposing the alleged mandatory duty." Id. (internal punctuation and citations omitted).

### 2.  **Intentional Infliction of Emotional Distress**

Under California law, the elements of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant, (2) the defendant's intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Johnson v. Ralphs Grocery Co., 204 Cal.App.4th 1097, 1108 (Ct.App. 2012). Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (Ct.App. 2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)). Conduct is outrageous when it is so extreme that it exceeds all bounds usually tolerated in a civilized society. Johnson, 204 Cal.App 4th at 1108; Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Simo, 322 F.3d at 622.

## IV.  **Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed June 17, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   June 11, 2012            /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE